IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LADARREN EARL RIVERS,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀CASE NO. 2:26-cv-00127-BL-KFP
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
GUARDIAN CREDIT UNION,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)

## **MEMORANDUM OPINION**

On May 4, 2026, the Magistrate Judge recommended that the court dismiss the Plaintiff's Amended Complaint for lack of subject matter jurisdiction. (Doc. 10). The Plaintiff filed objections to the recommendation. (Doc. 11).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a

district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party."  *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff asserts that the Magistrate Judge "misapprehends the jurisdictional basis of Plaintiff's declaratory judgment claim by analyzing it as a direct cause of action under the E[-]SIGN Act rather than as a claim arising under federal law within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005)." (Doc. 11 at 1).[1]  The Plaintiff agrees with the Magistrate Judge that the "E[-]SIGN Act does not create a freestanding private right of action" but argues that his declaratory judgment claim raises "a substantial question of federal law sufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." (Doc. 11 at 2).  The Plaintiff's arguments lack merit.

In his Amended Complaint, the Plaintiff asserted federal question jurisdiction on the basis that his "claims present a substantial question of federal law" regarding

---

[1] The Plaintiff's filing includes three numbered objections. (Doc. 11 at 2-4).  However, Objections 2 and 3 are not objections to the Magistrate Judge's Report and Recommendation.  In what is labeled "Objection 2," the Plaintiff agrees with the Magistrate Judge's conclusion that the FCRA fails to state a cognizable federal claim and cannot serve as a basis for federal subject matter jurisdiction.  (Doc. 11 at 3-4).  In "Objection 3," the Plaintiff requests that, if the court finds no basis for federal subject matter jurisdiction, the court dismiss his state claims without prejudice and toll the state law statute of limitations on those claims.  (Doc. 11 at 4).  Thus, the Plaintiff's sole objection relates to the Magistrate Judge's failure to address whether his declaratory judgment claim regarding the E-SIGN issue arises under federal law under *Grable*.

valid signatures under E-SIGN.  (Doc. 9 at 2).  True, the Magistrate Judge did not address specifically whether the Plaintiff's claim arises under federal law under *Grable*.  However, the Magistrate Judge found that the Plaintiff "has not established a basis for a private right of action" under E-SIGN and did not show "how this claim arises under federal law."  (Doc. 10 at 6).  The court agrees with the Magistrate Judge's conclusion that the Plaintiff has not shown a basis for federal subject matter jurisdiction.

Federal-question jurisdiction exists when federal law creates the cause of action asserted.  *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).  In a "special and small category" of cases, federal-question jurisdiction may exist over a claim created by state law if the claim necessarily raises a significant federal issue.  *Gunn*, 568 U.S. at 258; *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Grable*, 545 U.S. at 312.  Under *Gunn*, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258.  All four requirements must be satisfied.  *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025).

Even assuming Count I raises an actually disputed federal issue, it does not satisfy the *Grable/Gunn* test.

The federal issue presented by the Plaintiff is not raised in the jurisdictional sense because his right to relief does not depend on the resolution of that federal issue. *See Gunn*, 568 U.S. at 259; *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295–96 (11th Cir. 2008); *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004). The Plaintiff seeks declarations concerning loan enforceability and lien validity. Those issues may require analysis of the loan documents, the nature of the instruments, Guardian's right to enforce the instruments, the validity of any lien, the parties' obligations under Alabama law, and Plaintiff's state-law theories of fraud, wrongful repossession, conversion, economic duress, and unjust enrichment. Because the Plaintiff's entitlement to relief does not necessarily turn on the resolution of an E-SIGN issue, the federal issue is not necessarily raised merely because Plaintiff has selected E-SIGN as one theory of invalidity. *See Adventure Outdoors*, 552 F.3d at 1300.

Even if the E-SIGN issue was necessarily raised, it is not substantial in the jurisdictional sense. The substantiality inquiry is not about whether the issue matters to the parties. It asks whether the issue is important to the "federal system as a whole." *Gunn*, 568 U.S. at 260; *AST & Sci.*, 143 F.4th at 1253. A claim does not raise a substantial federal question merely because it requires a court to interpret federal law. *Adventure Outdoors*, 552 F.3d at 1300. Here, the substantiality factors weigh against jurisdiction. The actual dispute is fact-bound and situation-specific.

*See Empire*, 547 U.S. at 700–01.  The court would have to examine the documents, the parties' transactions, the alleged default, the alleged repossession, the lien, and Plaintiff's state-law theories and defenses.  That is materially different from *Grable*, where the issue was a pure federal question about whether the IRS satisfied a federal statutory notice requirement before seizing property.  *Grable*, 545 U.S. at 314–15. The issue in this case is closer to *Empire* and *Gunn*, where the Supreme Court rejected federal-question jurisdiction because the federal issues were backward-looking, fact-bound, and important primarily to the parties.  *Empire*, 547 U.S. at 700–01; *Gunn*, 568 U.S. at 261–62.

Moreover, resolving Plaintiff's E-SIGN theory would not control numerous other cases. *See AST & Sci.*, 143 F.4th at 1253.  Plaintiff argues that the E-SIGN/UCC issue has broad implications for electronically signed promissory notes. But a federal issue is not substantial merely because it could arise in other private disputes.  *Gunn*, 568 U.S. at 260–61.  A decision in this case would determine only the rights of Plaintiff and Guardian under their specific documents and facts.  Any state-court interpretation of E-SIGN would not bind federal courts or control future federal cases.  *Adventure Outdoors*, 552 F.3d at 1301.

Importantly, the federal government does not have a strong interest in having this dispute litigated in a federal forum.  *See AST & Sci.*, 143 F.4th at 1253–55. Unlike in *Grable*, this case does not involve the conduct of a federal agency, the

adequacy of a federal tax-sale procedure, the federal government's ability to recover delinquent taxes, or the validity of a federal administrative action. *See Grable*, 545 U.S. at 315. This is a private dispute between a consumer and a credit union concerning loans, a vehicle lien, repossession, collection activity, credit reporting, and related damages. That type of private contract and consumer-credit dispute does not ordinarily implicate the kind of federal interest necessary to support jurisdiction. *See Empire*, 547 U.S. at 700–01; *AST & Sci.*, 143 F.4th at 1254–55.

The *Grable/Gunn* requirement also weighs against jurisdiction. Exercising jurisdiction over this dispute would disturb the federal-state balance approved by Congress. *See Gunn*, 568 U.S. at 258. State courts routinely decide contract, UCC, lien, repossession, fraud, conversion, unjust-enrichment, and consumer-credit disputes. If a plaintiff could invoke federal-question jurisdiction whenever a private loan or lien dispute included an argument about E-SIGN, a broad class of ordinary state-law commercial disputes could be federalized. That result would conflict with the Supreme Court's warning that the "mere need to apply federal law in a state-law claim" is not enough to open the federal "arising under" door. *Grable*, 545 U.S. at 313; *Adventure Outdoors*, 552 F.3d at 1300.

The Plaintiff argues that § 7003(a)(3) presents a narrow federal issue because it excludes UCC Article 3 negotiable instruments from § 7001's general validation

framework. (Doc. 11 at 3).[2] But § 7003(a)(3) is an exception to § 7001; it does not create a federal cause of action, invalidate the Plaintiff's loan documents, or make federal law the necessary basis for resolving their enforceability. *See* 15 U.S.C. § 7003(a)(3). At most, E-SIGN supplies one theory in a private dispute over loan documents and lien obligations governed by commercial and contract law.

The absence of a private E-SIGN cause of action confirms this conclusion. Congress enacted E-SIGN but did not create a private federal cause of action for the type of claim Plaintiff asserts. *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). Recognizing federal-question jurisdiction here would allow litigants to obtain a federal forum despite Congress's decision not to create a direct federal claim. That is the type of jurisdictional expansion that *Merrell Dow*, *Jairath*, and *Adventure Outdoors* caution against. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Jairath v. Dyer*, 154 F.3d 1280, 1283–84 (11th Cir. 1998); *Adventure Outdoors*, 552 F.3d at 1299–1300.

The court finds that the Plaintiff's declaratory judgment claim in Count I does not fall within the "special and small category" of cases arising under federal law recognized by *Grable* and *Gunn*. *See Gunn*, 568 U.S. at 258; *Empire*, 547 U.S. at

---

[2] Under 15 U.S.C. § 7003(a)(3), the provisions of section 7001 do not apply to a contract or other record to the extent it is governed by "the Uniform Commercial Code, as in effect in any State, other than sections 1–107 and 1–206 and Articles 2 and 2A." Because negotiable instruments are governed by UCC Article 3, they fall directly within this statutory exclusion from the federal electronic validation framework.

699; AST & Sci., 143 F.4th at 1253.  The court agrees with the Magistrate Judge that the Plaintiff has not established a basis for federal question subject matter jurisdiction in this case.  (Doc. 10 at 11).

Moreover, the Plaintiff has not established diversity jurisdiction for his remaining state-law claims for deceptive trade practices, fraud, wrongful repossession, conversion, economic duress, and unjust enrichment.  (Doc. 9 at 7–12).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).  The Amended Complaint does not establish complete diversity because Plaintiff and Guardian Credit Union are both alleged to be Alabama citizens.  (Doc. 10 at 11).  The court agrees with the Magistrate Judge that the Plaintiff has not shown a basis for federal subject matter jurisdiction over his Amended Complaint.

Here, supplemental jurisdiction over the Plaintiff's state-law claims "is not appropriate because the federal claims are being dismissed for lack of subject-matter jurisdiction."  *Auburn Med. Ctr., Inc. v. Cobb*, 567 F. Supp. 2d 1333, 1340 (M.D. Ala. 2008) (citing cases for this proposition).[3]  Because the court does not have original jurisdiction over this case and lacks supplemental jurisdiction over the

---

[3]  To the extent that the Magistrate Judge suggests that the court has discretion to exercise supplemental jurisdiction over the Plaintiff's state law claims in this case, the court does not accept that analysis.  (*See* doc. 10 at 10).

Plaintiff's state law claims, the tolling provisions in 28 U.S.C. § 1367(d) are inapplicable. Although the court agrees with the Magistrate Judge that the Plaintiff's Amended Complaint should be dismissed **without prejudice**, the court has no authority or jurisdiction to toll any state court statute of limitations.

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **OVERRULES** the Plaintiff's objections, **ADOPTS** the recommendation of the Magistrate Judge with the additional clarifications in this opinion, and **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 24th day of June, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE